IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00881-BNB

LYNN E. SCOTT,

    Applicant,

v.

GREEN, Warden of B.V.C.C. [sic],

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 23 2010

GREGORY C. LANGHAM
CLERK

## ORDER TO FILE PRELIMINARY RESPONSE

Applicant, Lynn E. Scott, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Buena Vista, Colorado, correctional facility. Mr. Scott filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. Apr. 17, 2008), the Court has determined that a limited Preliminary Response is appropriate. Respondent is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). If Respondent does not intend to raise

either of these affirmative defenses, Respondent must notify the Court of that decision in the Preliminary Response. Respondent may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court. Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Preliminary Response.

DATED April 23, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00881-BNB.

Lynn E. Scott
Prisoner No. 60760
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

Green, Warden of B.V.C.C.,
c/o Keith Nordell
Colorado Department of Corrections
Office of Legal Affairs
**DELIVERED ELECTRONICALLY**

John Suthers, Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

Paul Sanzo, Asst. Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**
**COURTESY COPY**

    I hereby certify that I have mailed a copy of the ORDER to the above-named individuals, and the following forms to Keith Nordell for service of process on Green, Warden of B.V.C.C.; and to John Suthers: APPLICATION FOR WRIT OF HABEAS CORPUS FILED 4/21/10 on 4/23/10.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk