IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00881-BNB

LYNN E. SCOTT,

    Applicant,

v.

GREEN, Warden of B.V.C.C.,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 22 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Lynn E. Scott, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Buena Vista, Colorado, correctional facility. Mr. Scott initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his prison sentence.

In an order filed on April 23, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On May 10, 2010, Respondents filed their pre-answer response. On May 24, 2010, Mr. Scott filed a reply to the pre-answer response.

The Court must construe Mr. Scott's filings liberally because he is not

represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied and the action dismissed.

Mr. Scott alleges that, on or around March 24, 2000, he was sentenced to the custody of the DOC in two different cases. In Denver District Court Case No. 99cr2923, he was sentenced to ten years imprisonment in the DOC and was granted 247 days of presentence confinement credit. In Denver District Court Case No. 07cr3229, he was sentenced to one year in the DOC, to run concurrently with the ten-year sentence in Case No. 99cr2923. On or around May 20, 2004, Mr. Scott was charged and pleaded guilty in Denver District Court Case No. 04cr1194 to attempted escape and was sentenced to six months in the DOC, to run consecutively with the two prior sentences.

Mr. Scott contends that he has served his sentences, is being held unlawfully, and seeks his immediate release. He asserts two claims. As his first claim, he contends that his due process rights are being violated because he has served his sentences and yet remains in DOC custody. As his second claim, he contends that his right to be free from cruel and unusual punishment has been violated because he is being imprisoned beyond his ten and one-half year sentence.

Mr. Scott must exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. See *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Scott asserts that he filed a petition for writ of habeas corpus in Chaffee County District Court Case No. 09cv88. *See* answer, Ex. A (verified petition for habeas corpus relief dated July 17, 2009). On August 25, 2009, the Chaffee County District Court entered a minute order denying Mr. Scott's petition. *See* answer, Ex. B. Mr. Scott then filed his second verified petition for habeas corpus relief. *See* answer, ex. C (verified petition for habeas corpus relief dated Aug. 30, 2009). On September 18, 2009, the Chaffee County District Court entered another minute order denying Mr. Scott's petition. *See* answer, Ex. D.

Instead of appealing directly, Mr. Scott contends he sought relief directly with the Colorado Supreme Court through its exercise of original jurisdiction. *See* answer, Ex. E (motion to show cause pursuant to C.A.R. 21). On December 21, 2009, the Colorado Supreme Court denied Mr. Scott's motion to show cause. *See* answer, Ex. F. (order of court).

Respondents argue in the pre-answer response that Mr. Scott failed to exhaust his claims because they were not presented fairly to the state courts. Mr. Scott

3

disagrees and contends he exhausted state remedies because he presented his claims to the Colorado Supreme Court in the original proceeding pursuant to Colo. R. App. P. 21, which was denied on December 21, 2009.

Having reviewed the motion pursuant to Colo. R. App. P. 21, the Court finds that Mr. Scott did not present the Eighth Amendment claim asserted in this action before the state supreme court. However, even assuming Mr. Scott presented both claims asserted here through the motion pursuant to Colo. R. App. P. 21, the motion does not satisfy the fair presentation requirements and does not demonstrate state remedies have been exhausted.

If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946); *see also* Colo App. R. 21. Furthermore, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument. *Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996). Filing a petition that the Colorado Supreme Court, in its discretion, may deny is not sufficient to exhaust state court remedies. *See Allen v.*

4

*Zavaras*, 568 F.3d 1197, 1202-03 (10th Cir. 2009).

Mr. Scott fails to demonstrate that the Colorado Supreme Court addressed the merits of the claims he raises in this action. Therefore, the Court concludes that Mr. Scott's claims in this action were not presented fairly to the state appellate courts and are not exhausted.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  21st   day of   June  , 2010.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00881-BNB

Lynn E. Scott
Prisoner No. 60760
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

Chris W. Alber
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/22/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk